[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage and for other relief brought to the Superior Court for the Judicial District of New Haven.
Many of the underlying facts of this case are not in dispute. The plaintiff, whose maiden name was Lorraine Carolla, and the defendant were married on July 12, 1958 at Hamden, Connecticut. The plaintiff has resided continuously in the State of Connecticut for at least 12 months immediately prior to the date of the filing of the complaint. The marriage between the parties has broken down irretrievably and there is no reasonable prospects of reconciliation. The plaintiff and the defendant have no minor children issue of the marriage, although they do have adult children who are issue of the marriage. No other minor children have been born to the plaintiff wife since the date of marriage of the parties. Neither party is presently receiving State assistance.
The plaintiff has a high school education. The defendant has graduated with a pharmacist's degree and has practiced pharmacy since 1959. The plaintiff worked during the first year of the marriage and then had the primary responsibility for raising their four adult children. She also worked at the CT Page 2085 defendant's pharmacy when the youngest child, who is now 25, reached the age of 8. During the past four years the plaintiff has been employed as a claims processor. During the early years of their marriage the defendant was employed by his father and was employed at another pharmacy. He opened his own pharmacy in 1969 and merged that with another pharmacy. In 1989 his pharmacy business was purchased by Stop Shop. Between the years 1985 and 1987 he was the Mayor of a local municipality and did not run his pharmacy during that period of time. The defendant is 58 years old. He is presently recovering from a heart attack that he had in November of 1989 that resulted in his being out of work for a period of four to five months. During the previous 13 week period the defendant has been averaging 38 to 40 hours per week at his job as a pharmacist, earning $22.50 per hour. The orders hereinafter entered by the court are based in part on that average. The parties presently own a family home at 1060 Benham Street, Hamden, Connecticut, and two vacant lots on Main Street in Hamden, Connecticut. The parties are in dispute as to the value of those assets. The court finds that the value of the Benham Street property is $220,000.00 and that there is a $150,000.00 mortgage on the property, leaving an equity of $70,000.00. The court finds that the value of the two Main Street lots is $120,000.00 and it does not have any mortgage. The Benham Street property was purchased in approximately 1980. At that time there was a $60,000.00 mortgage on the property. The parties refinanced the mortgage on the family home during the summer of 1991 and borrowed a total of $150,000.00 as part of that refinancing. Approximately $50,000.00 of that amount was used to pay in full an existing equity loan. Approximately $51,600.00 was used to pay off the balance of the first mortgage. Approximately $14,000.00 was used to bring current the back payments on a mortgage on property owned by the parties on Circular Avenue in Hamden, Connecticut. That property has since been foreclosed. Approximately $13,000.00 of the refinancing was used to discharge a campaign debt incurred by the defendant. The balance of the $150,000.00 loan was retained by the parties.
The plaintiff recently recovered funds as a result of a personal injury suit. The recovery by the plaintiff on or about November of 1992 was in the net amount of $61,000.00 and she has remaining approximately $50,000.00 of that sum arising from her car accident. The defendant presently has a Worker's Compensation claim pending arising out of his heart attack.
The parties are in dispute as to the cause of the breakdown CT Page 2086 of the marriage. From the evidence presented, the court finds that each party is equally at fault for the breakdown of the marriage.
This court has considered and weighed the factors set forth in 46b-81(c) C.G.S. in determining the issues of assignment of property, and has considered and weighed the factors set forth in46b-82 in determining alimony. This court has also considered and weighed the factors set forth in 46b-62 in determining whether to grant attorneys' fees.
ORDER
The court hereby enters the following orders:
A) The marriage of the parties to this action is hereby dissolved on the grounds of irretrievable breakdown and each of the parties are hereby declared to be single and unmarried.
B) The defendant is ordered to pay to the plaintiff the sum of $150.00 per week as periodic alimony. In the event the defendant does not vacate the marital residence by March 8, 1993 as ordered, then in such event he is to pay to the plaintiff as additional periodic alimony the sum of $30.00 per day or each day that he remains in possession after March 8, 1993.
C) The court enters the following orders by way of assignment of property:
 1) The defendant is ordered to quitclaim to the plaintiff all of his right, title and interest in the family residence located at 1060 Benham Street, Hamden, Connecticut. The plaintiff is responsible for the payment of the first mortgage in the approximate balance of $150,000.00 and is to hold the defendant harmless therefrom. The plaintiff is also responsible for the payment of all municipal taxes on said property and is to hold the defendant harmless therefrom. The plaintiff is ordered to quitclaim to the defendant all of her right, title and interest in the two lots located on Main Street, Hamden, Connecticut. The defendant is to simultaneously execute and deliver to the plaintiff a promissory note in the face amount of $25,000.00, payable without interest on August 24, 1993. In the event said note has not been paid in full by that date, the plaintiff may commence foreclosure proceedings. Said CT Page 2087 note is to also include a provision for attorneys' fees in the event timely payment is not made. Further, in the event payment in full is not made by August 24, 1993, then said note is to bear interest at the legal rate retroactive to February 23, 1993. Said note is to he secured by a mortgage deed on the property on Main Street, Hamden, Connecticut. The court retains jurisdiction over any disputes that may arise regarding the language of the promissory note and mortgage deed.
 2) The plaintiff is to pay the Master Charge shown on her financial affidavit and is to hold the defendant harmless therefrom.
 3) The defendant is to pay the three liabilities shown on his financial affidavit and is to hold the plaintiff harmless therefrom.
 4) The defendant is to vacate the marital residence by March 8, 1993. He has the right to retain and remove the following items of personal property from the residence when he vacates the residence:
a) All hand and power tools;
b) Portable RCA television set in basement;
 c) All pharmacy related items; i.e., awards, plaques, records, etc.;
d) All paintings by Charlie Brough;
e) Coin collection:
f) Pistols and rifles;
g) Player piano in basement;
 h) The boat shown on the defendant's financial affidavit;
 i) The defendant is awarded sole ownership of the horse at the family residence.
5) All other household furniture and furnishings, CT Page 2088 jewelry, and the Hummel figurine collection at the family residence are awarded to the plaintiff.
 6) The 1982 Cadillac shown on the defendant's financial affidavit is awarded to the defendant, as is the 401K Plan shown on his financial affidavit.
 7) The 1984 Lincoln automobile shown on the plaintiff's financial affidavit is awarded to the plaintiff.
 8) All bank accounts shown on the plaintiff's financial affidavit are awarded to the plaintiff.
 9) The Worker's Compensation claim of the defendant and any award therefrom is awarded solely to the defendant.
 10) The defendant shall remain on the plaintiff's health insurance policy per COBRA at the sole expense of the defendant.
D) The court enters the following order by way of attorney's fees.
 1) Each party is ordered to pay their own attorney's fees.
E) Miscellaneous —
 1) Counsel for the plaintiff is to prepare the judgment file and sent it to counsel for the defendant for signature and filing.
Sidney Axelrod, Judge